UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:26-cv-25018-RKA

**OSCAR HERRERA,**

Plaintiff,

vs.

**ATELIER LUXURY GROUP, LLC, d/b/a AMIRI, a foreign limited liability company,**

Defendant.
_______________________________________/

**AFFIDAVIT OF OSCAR HERRERA**

STATE OF FLORIDA )
) ss:
COUNTY OF MIAMI-DADE )

BEFORE ME, the undersigned authority, personally appeared OSCAR HERRERA, who, being first duly sworn and under oath, deposes and says:

1. I am the Plaintiff in the above-styled case, I am over the age of 18 years, and I make the statements herein based on personal knowledge.

2. I have been diagnosed by a licensed medical doctor with traumatic injury to both eyes and, as a result, I am completely and permanently blind.

3. I can function in most areas of my day-to-day life but using technology is helpful.

4. Like most people, the use of technology allows access to important information for my family and I, which includes news, restaurant menus and reviews, shopping and the related sales and savings, medical, pharmacy and homeopathic information, to name a few.

5. Where many times my use of technology is to learn more about a particular interest or current need, it is equally important in helping my family and I plan our visits to publicly available venues such as restaurants or retail stores.

6. My health issues are visually debilitating and as such, proper access to the internet and the information it contains are very important in my ability to function in my daily life.

7. When using technology, I try to use enhancements to the hardware and software that help remove the barriers that I would otherwise face without these enhancements. At times, these features will help me but there are times in which the features are not helpful as the website is so poorly designed that the barriers remain no matter what I do or use.

8. On April 28, 2026, and again on July 9, 2026, I was using my computer and attempted to access Defendant's website located at https://amiri.com (the "Website"). My purpose in visiting the Website was that I was interested in reviewing, determining the availability of, and possibly making a purchase of some of Defendant's merchandise that is also available for purchase from the physical store located at 106 Northeast 39th Street, Miami, Florida.

9. On my visit to the Website, I encountered various access barriers even while using screen reader software, which I rely on to access and navigate websites due to my blindness. These access barriers, which were then confirmed by my lawyer's retained expert, ADASure, are set forth in the Complaint in paragraph 23.

10. While I have not recently visited the company's physical location, I intend to patronize the physical store located at 106 Northeast 39th Street, Miami, Florida (located approximately three miles from where I reside), probably within the next two months, provided the Website's access barriers I encountered are removed or remedied. I also intend to revisit the

Website in the same time frame as a tester to ascertain if any or all of the access barriers still exist, have been removed, or have been remedied.

FURTHER AFFIANT SAYETH NAUGHT.

_______________________________
OSCAR HERRERA

SWORN TO and subscribed before me by means of X physical presence or ____ online notarization, this 30th day of July, 2026, by OSCAR HERRERA, who is personally known to me or who produced Florida ID as identification.

_______________________________
NOTARY PUBLIC, STATE OF FLORIDA

My commission expires:

MARISOL PEREZ
MY COMMISSION # HH 783538
EXPIRES: July 25, 2030

NOTARY PUBLIC
STATE OF FLORIDA